DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-15-FDW

| | |
|---|---|
| WILLIAM D. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JOHN CROW, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e).

**I.     BACKGROUND**

Pro se Plaintiff William Moore is a state court inmate, currently incarcerated at Mountain View Correctional Institution. On January 29, 2014, Plaintiff filed the instant Complaint in this Court pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants in the Complaint John Crow, identified as Administrator of Lincoln Correctional Center; Randy S. Mull, identified as a Disciplinary Hearing Officer at Lincoln; Karen Lopous, identified as an employee with Food Service at Lincoln; and Roger Patterson, identified as the Regional Director of Prisons. Plaintiff essentially alleges that on July 31, 2013, Defendant Lopous made in inappropriate sexual gesture towards Plaintiff. Plaintiff also appears to allege that Defendant Mull claimed that Plaintiff's accusation against Defendant Lopous was false and that Mull also deprived Plaintiff of his due process rights in various disciplinary actions against Plaintiff. Plaintiff states that he complained to Defendants Crow and Patterson but that nothing was done. As relief, Plaintiff seeks injunctive

relief and compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ

Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, Plaintiff states in the Complaint that he exhausted his administrative remedies, but he has not attached any grievances to the Complaint and they are not attached to any of his pleadings. Furthermore, on February 18, 2014, this Court entered an order requiring Plaintiff to file a sworn statement, subject to penalty of perjury, showing exhaustion of remedies or a copy of the grievance itself. Plaintiff has not responded to the Court's Order. This Court will give Plaintiff ten days from service of this Order to comply with the Court's prior Order regarding exhaustion of his administrative remedies. If Plaintiff fails to do so, the Complaint will be subject to dismissal without further notice based on failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff shall, within ten days from service of this Order, comply with this Court's Order dated February 18, 2014, regarding exhaustion of administrative remedies. If Plaintiff fails to do so, the Complaint will be subject to dismissal without further notice based on failure to exhaust administrative remedies.

Signed: April 2, 2014

Frank D. Whitney
Chief United States District Judge