UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-15-FDW

| | |
|---|---|
| WILLIAM D. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| JOHN CROW, Administrator, ) | |
| Lincoln Correctional Center, ) | |
| RANDY MULL, Disciplinary Hearing ) | |
| Officer, ) | |
| KAREN LOPOUS, Food Service, ) | |
| ROGER PATTERSON, Regional ) | |
| Director, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. On March 31, 2014, in response to Plaintiff's application to proceed in forma pauperis, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5).

I.   BACKGROUND

Pro se Plaintiff William D. Moore, a state court inmate currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on January 29, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff's claim arises out of an alleged incident that occurred while he was incarcerated at Lincoln Correctional Center in Lincolnton, North Carolina. In his Complaint, Plaintiff names as Defendants the following persons: Karen

1

Lopous, identified as a food service employee at Lincoln Correctional Center; John Crow, identified as the Administrator of Lincoln Correctional Center; Randy S. Mull, identified as a Disciplinary Hearing Officer; and Roger Patterson, identified as the Regional Director of the Department of Public Safety, Western Regional Office. (Doc. No. 1 at 2-3). Plaintiff alleges that on July 31, 2013, Defendant Lopous "back[ed] up on my hand and smiling about it, she ask[ed] me was I[] alright. I was in shock by her presence and she was just smiling about the whole event. I fel[t] discomfort the rest of the day. I request[ed] to see medical personnel and was denied about the mind-bothering issue." (Id. at 3). Plaintiff alleges that Defendant Patterson's and Defendant Crow's "refusal to act on Officer Lopous' inappropriate conduct or transfer [Plaintiff] to another prison facility or otherwise exposure [sic] amount to deliberate indifference to and unreasonable risk of serious harm, in violation of Fifth Amendment and of Eighth Amendment." (Doc. No. 1-1 at 2). Plaintiff alleges that he submitted a grievance regarding the alleged sexual assault, but the grievance was denied at all steps of the administrative process. (Doc. No. 1-4 at 3).

Plaintiff further alleges that a disciplinary action was subsequently initiated against him, and that Defendant Crow accused Plaintiff of making a false allegation against Defendant Lopous.[1] (Doc. No. 1 at 3). Plaintiff alleges that Defendant Mull dismissed the first disciplinary action because Plaintiff was not given the required 24-hour written notice of the disciplinary charge before the hearing. (Id.). Plaintiff was subsequently found guilty in a second disciplinary action of the infraction of making a false allegation against a prison staff member that could expose the staff member to criminal liability. (Doc. No. 1-4 at 5; Doc. No. 1-5 at 7). According

---

[1] The documents related to the disciplinary proceedings are attached as exhibits to Plaintiff's Complaint. See (Doc. No. 1-5).

to Plaintiff, Defendant Mull retaliated against Plaintiff by finding him guilty after the second disciplinary hearing, in violation of Plaintiff's First Amendment rights. (Doc. No. 1-4 at 5). Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (Doc. No. 1 at 6; Doc. No. 1-4 at 6).

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A, in any action against a government employee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim,

an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

This Court will dismiss this action. First, with respect to the alleged sexual assault by Defendant Lopous, this alleged single incident of Lopous backing up so that Plaintiff's hand was touching her is not sufficient to rise to the level of an Eighth Amendment violation.[2] Courts have held that one incident of non-violent sexual harassment alone is not sufficient to meet the Eighth Amendment's cruel and unusual punishment standard. Marino v. Comm'r, No. 8-326-B-S, 2010 WL 2731791, at *10 (D. Me. June 30, 2010) (where an inmate was forced to walk around holding his own genitals); Silvagnoli v. Fischer, No. 9:07-CV-561 (NAM/GJD), 2010 WL 1063849, at *14 (N.D.N.Y. Mar. 1, 2010) (where the guard allegedly attempted to grab the inmate's groin area); White v. Bergenstock, No. 9:08-CV-717 (FJS/DRH), 2009 WL 4544390, at *4 (N.D.N.Y. Nov. 25, 2009) (where the guard told the plaintiff inmate to show him his penis if he wanted extra food). Thus, Plaintiff fails to state a claim under the Eighth Amendment.

Furthermore, Plaintiff's attached exhibits show that Plaintiff was found guilty after his disciplinary hearing of the infraction of making a false allegation against a prison staff member that would have exposed the staff member to criminal charges. A finding in this § 1983 action that Defendant Lopous violated Plaintiff's Eighth Amendment rights would invalidate the guilty finding against Plaintiff in the prison disciplinary proceeding. Thus, Plaintiff's Eighth Amendment claim is barred by the principles of Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck, the Supreme Court held that a state prisoner

---

[2] The hearing officer determined that this alleged conduct by Defendant Lopous would have exposed her to criminal liability—most likely criminal assault. However, an assault under state law does not always rise to the level of an Eighth Amendment violation.

could not maintain a § 1983 claim against a prosecutor and a police investigator for misconduct during the prisoner's criminal prosecution. The Supreme Court held that the plaintiff's suit challenged the legality of his conviction and was therefore improperly brought as a § 1983 claim because the plaintiff could not demonstrate that her conviction had been invalidated. 512 U.S. at 484. In Edwards, the Supreme Court applied Heck to bar a state prisoner's § 1983 claim seeking damages and declaratory relief for violations of his due process rights during a prison disciplinary hearing. The Court reasoned that the § 1983 action ran afoul of Heck because the relief that the plaintiff requested necessarily implied the invalidity of the hearing officer's determination of the plaintiff's guilt. 520 U.S. at 648 ("[R]espondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under 1983.").

A favorable decision in this action would necessarily imply the invalidity of the hearing officer's determination that Plaintiff was guilty of making false allegations. That is, if a fact-finder in this § 1983 action were to determine that Defendant Lopous did violate Plaintiff's Eighth Amendment rights, that finding would necessarily invalidate the determination in the disciplinary proceedings that Plaintiff was guilty of the infraction of bringing false allegations against Lopous. Accord Walker v. Zenk, Civil No. 4:01cv1644, 2008 WL 351250, at *12 (M.D. Pa. Feb. 7, 2008) (where the prisoner was found guilty of possessing a weapon in the prison, and where he subsequently filed a § 1983 action alleging that the prison guard planted the weapon and testified falsely at the prisoner's disciplinary hearing, the § 1983 action "fit[] squarely within the category of claims barred by Heck and Edwards"), aff'd, 323 Fed. App'x (3d Cir. 2009). Thus, in addition to the fact that Plaintiff fails to state an Eighth Amendment claim in the first

instance, his claim also appears to be barred by Heck and Edwards.

Finally, as to the disciplinary proceedings against Plaintiff, to the extent that Plaintiff is attempting to claim some procedural defect in the proceedings, Plaintiff wholly fails to state a claim for a due process violation, or a violation of the First Amendment, based on the disciplinary proceedings against him that resulted in finding him guilty of making a false allegation. Thus, Plaintiff's claims will be dismissed as to all Defendants.

## IV. CONCLUSION

In sum, Plaintiff's claims are dismissed for failure to state a claim under § 1915(e), and as barred by Heck and Edwards.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed on initial review under § 1915(e).
2. The Clerk is directed to terminate this action.

Signed: June 9, 2014

Frank D. Whitney
Chief United States District Judge